# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES,

       Plaintiff,

v.                                  Cr. No. 98-574  JP

PAUL RICHARD SEGURA,
JUAN DANIEL MIRABAL,
CARLOS EMILIO VIZCAINO,

       Defendants.


## MEMORANDUM OPINION AND ORDER

At a motion hearing on December 2, 1998, the United States was represented by Renee Camacho, Esq., and James Braun, Esq; Defendant Segura was represented by Paul Kennedy, Esq., and Mary Hahn, Esq.; and Defendant Vizcaino was represented by Ricardo Ortega, Esq. Because Defendant Mirabal had no pending motions, he was not present at the hearing. However, Defendant Mirabal's counsel, Maria Laverde, Esq., was present and asked the court to grant two motions, which were filed immediately before the hearing started, to join in Defendant Vizcaino's motions to suppress. The subjects of this hearing were Defendant Vizcaino's "Motion to Suppress Laboratory Results and Reports," (Doc. No. 51), filed October 13, 1998; Defendant Vizcaino's "Motion to Suppress Evidence under Fourth Amendment," (Doc. No. 49), filed October 13, 1998; Defendant Segura's "Motion to Sever Counts" (Doc. No. 73), filed November 20, 1998; Defendant Segura's "Motion to Suppress Evidence," (Doc. No. 74), filed November 19, 1998; and the United States' "Motion to Dismiss Count X of the Indictment," (Doc. No. 77),

filed November 25, 1998.

At the hearing, I ruled that Officer Silva had a reasonable articulable suspicion for stopping the Defendants' vehicle because Officer Silva reasonably believed that the Defendants' vehicle was driving with its car headlights on high beams, whether or not they actually were, in violation of N.M. Stat. Ann. § 66-3-831 (Michie 1998). *See U.S. v. Villa-Chaparro*, 115 F.3d 797, 801 (10th Cir.) (officer justified in making traffic stop of motorist for probable violation of seatbelt law), *cert denied*, 118 S.Ct. 326 (1997).

I ruled that Defendant Vizcaino failed to present sufficient evidence to show that he had standing to make a Fourth Amendment challenge to the search of the vehicle driven by Defendant Segura because Defendant Vizcaino was merely a passenger in the vehicle**,** had no valid driver's license, and provided no credible evidence that the owner or possessor of the car lent the car to him. *United States v. Gama-Bastidas*, 142 F.3d 1233, 1239 (10th Cir. 1998) (Defendant, who was a passenger in a car owned by a rental agency and rented to a third person, had no standing to challenge a search of the car because the defendant failed to demonstrate "that he had any legitimate possessory interest in or any lawful control over the car."). Although I did not make a ruling on Defendant Segura's standing to search the vehicle he was driving, my other rulings at the motion hearing render moot the issue of Defendant Segura's standing.

Regarding the arrest and search of Defendant Vizcaino, I ruled that he was lawfully arrested because there was probable cause to believe that he had violated N.M. Stat. Ann. § 30-7-2 (Michie 1998) when he exited the Defendants' vehicle with a concealed weapon and failed to reveal this fact to either Officer Silva or Officer Virden, although each officer asked the Defendants whether they had any weapons on them. It was not until Officer Silva discovered

ammunition and a magazine in the rear left passenger seat, where Defendant Vizcaino had been seated, and questioned the Defendants for at least a third time that Defendant Vizcaino indicated that he had a concealed weapon on him. This weapon was concealed because it was tucked into the waistband of Defendant Vizcaino's jeans under the Defendant's shirt.

I ruled that the search of the vehicle was reasonable under the Fourth Amendment because Officer Silva was justified in returning to the vehicle to question the passengers about the identity of Defendant Segura, who had provided Officer Silva with a false name and date of birth after Defendant Segura had exited the vehicle. After returning to the vehicle to question the passengers about Defendant Segura's identity, Officer Silva leaned his head into the interior of the vehicle to hear the response of a passenger in the backseat and for the first time smelled burnt marijuana. Once Officer Silva detected this odor, he had probable cause to search the Defendants' vehicle. *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995) ("If an officer smells marijuana in the passenger compartment of a vehicle, he has probable cause to search the passenger compartment."). Once Officer Silva found the seven burnt marijuana cigarette butts in the ashtray and the marijuana seeds in the vehicle, he was justified in opening the trunk of the vehicle, where he discovered a duffel bag, a briefcase, and an open shoe box containing contraband that was in plain view. *Id.* ("[A]n officer obtains probable cause to search the trunk of a vehicle once he smells marijuana in the passenger compartment and finds corroborating evidence of contraband.").

I ruled that United States Border Patrol Agent Peachey's involvement in the investigation was limited to investigating which hotel room the Defendants were occupying in Alamogordo and that Agent Peachey did not participate in the application for or the execution of the search

3

warrant.  Thus, Agent Peachey's involvement in the investigation did not transform the search of the hotel room and car into a federal search requiring compliance with Fed. R. Crim. P. 41.  *See United States v. Bookout*, 810 F.2d 965, 967 (10th Cir. 1987) ("A search is 'federal in nature' when federal officers are directly involved in carrying out the search itself and in taking immediate custody of the fruits of the search.");  *United States v. Millar*, 543 F.2d 1280, 1283-84 (10th Cir. 1976) (Only if a search is federal in nature must the search comply with the provisions of Fed. R. Crim. P. 41).

Defendants also argued that the search of the hotel room was unreasonable because the affidavit for the search warrant did not establish probable cause and because there was a clerical error in the fourth paragraph that erroneously stated that the clerk at the Holiday Inn identified "two of the defendants from the mug shot photographs" when the clerk actually identified only one, Defendant Segura.  I considered the affidavit with this erroneous information excluded and determined that the affidavit still established probable cause.  However, even if the search warrant failed to establish probable cause, the affidavit was not so insufficient and invalid that a reasonable police officer would not rely on it.  Therefore, the good faith exception applies and there is no basis for suppressing the evidence seized from the hotel room.  *See United States v. Leon*, 468 U.S. 897 (1984).

I denied Defendant Vizcaino's "Motion to Suppress Laboratory Reports and Results." However, I ruled that Exhibit # 10, and related laboratory reports and results, would not be admitted into evidence because they were not produced to the Defendant until December 1, 1998, and because this exhibit is a bindle containing a personal use amount of diazepam that was found in Defendant Vizcaino's duffel bag in the Defendants' hotel room and its probative value as to the

existence of a conspiracy to distribute methamphetamine is substantially outweighed by danger of prejudice and confusion of the jury. Hence, it should be excluded under Rule 403.

I denied Defendant Segura's "Motion to Sever Counts" because the United States will be restricted to introducing at trial only evidence that Defendant Segura has been convicted of felony crimes on certain dates without disclosing the nature of the offenses underlying the convictions. Counsel for Defendant Segura requested that I give a jury instruction stating that Defendant Segura's felony convictions are not drug related, and I agreed to that request.

I also granted the "United States' Motion to Dismiss Count X of the Indictment" because the motion was unopposed.

Finally, I granted Defendant Mirabal's motions to join in Defendant Vizcaino's motions to suppress.[1]

IT IS THEREFORE ORDERED that:

1. Defendant Vizcaino's "Motion to Suppress Laboratory Results and Reports," (Doc. No. 51), filed October 13, 1998, is GRANTED for all laboratory results and reports concerning Exhibit # 10 and is DENIED as to all other laboratory results and reports;

2. Defendant Vizcaino's "Motion to Suppress Evidence under Fourth Amendment,"

---

[1] At the hearing, I signed and entered two separate orders granting Defendant Mirabal's Motion to Join Defendant Vizcaino's Motion to Suppress Laboratory Results and Reports (Doc. No. 86), entered December 3, 1998, and Defendant Mirabal's Motion to Join Defendant Vizcaino's Motion to Suppress Evidence Under the Fourth Amendment (Doc. No. 87). Thus, orders concerning Defendant Mirabal's motions have already been filed and those motions are not the subject of this order.

(Doc. No. 49), filed October 13, 1998, as it relates to the search of the vehicle is DENIED because Defendant Vizcaino lacks standing to challenge the search of the vehicle; this motion is also DENIED as it relates to the search of the motel room because the search warrant did not need to comply with the Federal Rules of Criminal Procedure because it was not a federal search, because the affidavit, as corrected, still established probable cause and because the good faith exception applies to the search of the motel room;

3.   Defendant Segura's "Motion to Sever Counts" (Doc. No. 73), filed November 20, 1998, is DENIED, but the United States will be restricted to offering evidence that Defendant Segura has been convicted of felony crimes on certain dates, and the jury will be instructed that Defendant Segura's felony convictions are not drug related;

4.   Defendant Segura's "Motion to Suppress Evidence," (Doc. No. 74), is DENIED; and

5.   The United States' "Motion to Dismiss Count X of the Indictment," (Doc. No. 77), filed November 25, 1998, is GRANTED.


_James A. Parker_
UNITED STATES DISTRICT JUDGE